(No. 3951—▮▮▮)

CATHERINE BUCKLEY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 12, 1946.*

GRANGER & BECKERS, Attorneys, for claimant.

GEORGE F. BARRETT, Attorney General and WILLIAM L. MORGAN, Assistant Attorney General, of counsel, for respondent.

DAMRON, J.

On the 17th day of August 1944, claimant was injured during the course of her employment at Kankakee State Hospital. The injury was caused by claimant falling on the porch of the institution while attempting to subdue a patient.

Her complaint alleges that she suffered a compound fracture of the left femur, injured her pelvic bone and hip joint which she claims has resulted in complete loss of use of her left leg.

Under this complaint claimant seeks an award for permanent and total loss of use of her left leg and for temporary compensation during the period of her disability as provided in Section 8, Paragraph (e) of the Act.

All jurisdictional requirements having been stipulated, the only question for this Court to decide is the nature and extent of claimant's injury. The testimony in this case was taken on the 9th day of July 1946 at which time claimant testified that she constantly suffered pain in her left limb and that at times it was so severe that it prevented her from sleeping at night. After her recovery she reported to the institution for work but claims that employment was refused her due to her physical condition caused by the injury.

To support her complaint Doctor John J. Fahey, staff physician of the Illinois Research Hospital, Chicago, Illinois was called as a witness on her behalf. His evidence shows the claimant was admitted to the Research Hospital on the 18th day of August 1944, and that he started attending her on August 24, 1944. He testified that she had a fracture of the neck of the left femur; that an open reduction was made at the site of the fracture; that the neck and head of the bone was exposed and that a Smith-Peterson nail was used for a fixation and the wound was then closed. After she was released from the Research Hospital he testified that he saw her in February 1946, examined her and found she had recovered and was able to return to her work. He testified he again examined her on May 4, 1946 and at that time she

did not complain to him of having any pain in her left leg and that it showed no evidence of swelling of the left limb.

Doctor Abraham Simon, Assistant Superintendent, of the Kankakee State Hospital was called to testify on behalf of the respondent. He testified that he examined claimant the day after the injury and found she had fractured the neck of the left femur with some displacement; that he had her admitted to the Illinois Research Hospital, Chicago, Illinois for operative procedure; that X-rays were made of the injured limb at the site of the fracture, the last film being taken on December 31, 1945. That this film disclosed no particular atrophy of the bone and there was no indication of bone disturbance. When examined in reference to the subjective symptoms testified to by claimant in reference to pain in her left leg he stated that in his opinion if claimant had recurrence of pains it would be due to natural causes and not to the fracture.

The departmental report, dated May 30, 1946 which is a part of this record shows that claimant sustained a simple fracture of the neck of the left femur. That there were no injuries to the pelvic bone or the hip joint. It contains a portion of a letter received under date of September 7, 1945 from the Department of Orthopedics, University of Illinois, stating that claimant's X-rays show complete union and that she was able to return to work at the time she was released.

Liability under the Workmen's Compensation Act cannot rest upon imagination, speculation or conjecture or upon a choice between two views equally compatible with the evidence, but such liability must arise out of the facts established by a preponderance of the evidence. *Inland Rubber Company* vs. *Ind. Com.*, 309 Ill. 43; *Cry-*

*der* vs. *State,* 12 C. C. R. 291; *Cross* vs. *State,* 13 C. C. R. 174.

The testimony of this claimant in reference to her alleged condition of ill being is not supported by the medical testimony and awards for injuries under the Compensation Act cannot be made on subjective symptoms.

The burden of proof is on the claimant to show by competent evidence that she has suffered permanent or partial disability and this she has failed to do.

An award for permant partial disability is therefore denied. Likewise her claim for temporary total disability must be denied for the reason the respondent paid her full salary during the time of her disability which far exceeded her compensation rate.

Award denied.

Isabelle Marcotte, court reporter of the County Court of Kankakee, Illinois was employed to take and transcribe the evidence in this cause and has made a charge therefor in the sum of $20.00. We find that this charge is fair, reasonable and customary in the county where it was made and find the reporter is entitled to be reimbursed.

An award is therefore entered in the sum of $20.00 payable to Isabelle Marcotte, Court Reporter, County Court, Kankakee, Illinois.

The court further finds that A. M. Rothbart, court reporting services was employed to take and transcribe certain evidence in this cause and that said court reporting services has made a charge for $25.50 for such services.

The Court finds that the amount of $25.50 is fair, reasonable and customary charges for services rendered and that this amount should be allowed.

An award is therefore entered in the sum of $25.50 payable to A. M. Rothbart, court reporting services, Chicago, Illinois.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."